UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY BROWN, JR.,

    Plaintiff,

v.                              Case No.  8:10-cv-2168-T-33TGW

PLATINUM WRENCH AUTO REPAIR,
INC., ET AL.,

    Defendants.
                              /

**ORDER**

    This cause comes before the Court pursuant to Defendant Steven Miller's Motion for Summary Judgment (Doc. # 40), filed on December 21, 2011.  Pro se Plaintiff failed to file a timely response in opposition to the Motion.  On January 10, 2012, this Court entered an Order directing Plaintiff to file a response in opposition to the Motion on or before January 24, 2012, otherwise the Motion would be considered unopposed. (Doc. # 42).  Despite being given a chance to do so, Plaintiff failed to respond, and the Court, accordingly, considers the Motion for Summary Judgment as an unopposed Motion.

    However, this Court is not permitted to grant the Motion for Summary Judgment solely because such Motion is unopposed. <u>Minhngoc P. Tran v. Boeing Co.</u>, 190 Fed. App'x 929, 932 (11th Cir. 2006)("district court cannot grant summary judgment just because the motion was unopposed, but must at least review all

the evidentiary materials submitted in support of the motion for summary judgment to ensure the motion is supported").

Here, the Court grants the Motion based upon its review of the entire record, viewing the evidence in the light most favorable to Plaintiff as the non-movant, and based upon its finding that Defendant is entitled to judgment as a matter of law in this Fair Labor Standards Act case.

I. **Background**

Defendant Steven Miller is the founder and president of Defendant Platinum Wrench Auto Repair, Inc. (Miller Aff. Doc. # 41 at ¶¶ 1-2). After founding the company, Miller hired management to run the day-to-day operations of the company, including supervision of employees. (Id. at ¶¶ 2, 4). Miller's involvement in the day-to-day operations of the company ended around 1996, after which his involvement with the company was "completely 'hands-off.'" (Id. at ¶¶ 2-3).

In February 2008, Plaintiff was hired by the company to work as a non-exempt hourly paid maintenance technician. (Doc. # 1 at ¶ 15). Plaintiff was hired and initially supervised by William Douglas and was subsequently supervised by Rob Marquis and Ed Gonzales. (Miller Aff. Doc. # 41 at ¶¶ 7-8). Douglas, Marquis, and Gonzales were responsible for setting Plaintiff's rate of pay, directing Plaintiff's work activities, and

preparing Plaintiff's work schedule. (Id. at ¶ 9). Marquis and Gonzales decided to terminate Plaintiff's employment in June 2010. (Id. at ¶ 10).

On September 29, 2010, Plaintiff filed his complaint against both Platinum Wrench Auto Repair and Miller, alleging that at various times throughout his employment he worked in excess of forty hours per week but was not compensated at the statutory rate of one and one-half times his regular pay rate for those overtime hours pursuant to the FLSA. (Doc. # 1 at ¶¶ 16-17). Defendant Miller filed his Motion for Summary Judgment on December 21, 2011, arguing that he cannot be held individually liable for any FLSA violation because he does not qualify as an "employer" under the Act. (Doc. # 40 at 3-4).

**II.   Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g

Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

### III. **Analysis**

Under the FLSA, employers must pay minimum and overtime wages to non-exempt employees. 29 U.S.C. §§ 206, et seq. An individual cannot be held personally liable for violating the overtime provision of the FLSA unless he is an "employer" within the meaning of the Act. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir.

4

2008). The Act broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Further, "whether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" Alvarez Perez, 515 F.3d at 1160 (quoting Hodgson v. Griffin & Brand of McAllen, Inc., 471 F.2d 235, 237 (5th Cir. 1973)).

The Eleventh Circuit established in Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986), that status as a corporate officer alone is insufficient to render an individual an "employer" under the FLSA. Rather, to be personally liable as an "employer," the corporate officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Id. at 638. In determining whether a corporate officer is an "employer," courts have inquired as to whether the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters "in relation to an employee." Alvarez Perez, 515 F.3d at 1161.

In Patel, the court held that the defendant, who was both the president and vice-president of the corporation as well as the director and principal stockholder, was not an employer

5

for FLSA purposes because he "did not have operational control of significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee." Patel, 803 F.2d at 638 (internal quotations omitted). Similarly, in <u>Alvarez Perez</u>, the court held that the majority shareholder and managing agent of a racing business was not an "employer" under the FLSA, where his sons ran the business and made all decisions about hiring, firing, and compensation. Alvarez Perez, 515 F.3d at 1162. The Court finds these cases analogous and instructive.

In this case, the evidence shows that although Miller is the founder and president of Platinum Wrench Auto Repair, he has had no involvement in the day-to-day operations of the company since 1996, approximately twelve years before Plaintiff was hired. Further, Miller did not hire or fire Plaintiff, was not involved in Plaintiff's compensation, did not prepare Plaintiff's work schedule, and had no direct responsibility for the supervision of Plaintiff. Plaintiff has not disputed this evidence.

Based on the undisputed evidence and the analogous cases discussed herein, this Court finds that Miller's involvement in the company is insufficient to hold Miller individually

6

liable as an "employer" under the FLSA because Miller did not have operational control of significant aspects of the company's day-to-day functions, nor did Miller have direct responsibility for the supervision of Plaintiff. Accordingly, this Court grants summary judgment in favor of Defendant Steven Miller.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Steven Miller's Motion for Summary Judgment (Doc. # 40) is **GRANTED.**

(2) The Clerk is directed to enter Judgment in Defendant Steven Miller's favor.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record